ROY NICHOLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24016.     Promulgated January 16, 1929.

*J. M. McMillin, Esq.*, and *W. W. Rankin, C. P. A.*, for the petitioner.

*Bruce A. Low, Esq.*, for the respondent.

OPINION.

Love: The basis for this proceeding is alleged to be a notice of deficiency mailed December 14, 1926. The notice of deficiency in evidence before us was mailed on the specified date but it notifies the petitioner of a deficiency for the year 1921, only. It does not appear that the additional taxes for 1922, recommended by a deputy collec-

tor have been the subject of a final determination. We have no jurisdiction in this proceeding over the year 1922, and so far as the appeal relates to that year, it is dismissed. See *Franklin H. Moyer*, 1 B. T. A. 75; *Frost Superior Fence Co.*, 1 B. T. A. 1096.

The petitioner realized no taxable income on the sale by him as trustee for his brother, of the royalty interest in section 6–18–35.

In the first issue for 1921, the petitioner contends for the allowance as deductions from income of losses in value of what are described orally by the petitioner on the stand as "oil royalty rights." It appears that all but one of the rights were purchased in the first part of the taxable year, either by the individual partners who turned them over to a partnership, or by the partnership directly. A short time later, with the one exception, they were turned over to a corporation for stock and after a few months existence, the corporation was dissolved and the rights were distributed to the stockholders. At the end of the same taxable year the rights were deemed valueless according to the testimony of the petitioner. But he still owned those rights, and it does not appear whether such rights ran indefinitely with the land, or were limited in duration. If, in fact, they ran with the land, then no loss was realized, because they had not been disposed of. As title to royalty rights in oil leases, unless limited by contract, constitutes title to the reality itself, and is not subject to forfeiture, as oil and gas leases, we must hold in this case that they ran with the land and are yet undisposed of. The situation here is different from the situation in the case of *B. G. Adams*, 5 B. T. A. 113, where the petitioner acquired a royalty interest in a specific oil lease. Under such a situation, the lease being subject to forfeiture, and the lease having been abandoned, the royalty rights terminated with the lease. In other words, the royalty rights were limited and did not run with the land, as they apparently do in the instant case.

This case is also different from an ordinary oil lease, which is subject to forfeiture, or abandonment, as was determined in *Appeal of A. L. Huey*, 4 B. T. A. 370.

Moreover, in all but one of such transactions, the acquisition of those rights by petitioner passed through several mutations, in all of which he participated. There may be situations wherein a consideration of the net result of the several transactions mentioned is all that is necessary, due to the fact that they all occurred within the same taxable year and the algebraic sum of the several gains or losses would reflect a final loss to the petitioner. This condition does not exist in this case for the reason that originally the petitioner owned one-half interests in all of the partnership assets while at the end we find him possessed of entire interests in some of the assets.

Half interests of the partners have been the subject of indirect exchange. Complete details of the distribution by the corporation

are lacking. Without a full disclosure of all of the facts it is impossible to ascertain what was the cost to the petitioner and, therefore, the losses, if any, can not be ascertained. With respect to all such royalty rights, the respondent contends, and we agree with him, that if the interest runs with the land, no loss is realized until the interest is disposed of; it is not realized by an arbitrary conclusion that it is worthless. Cf. *A. J. Schwarzler Co.*, 3 B. T. A. 535. It is not here shown and we can not assume that a right was forfeited, or ever was forfeitable. There is nothing to do but sustain the respondent.

*Judgment will be entered under Rule 50.*